| United States District Court | Southern District of Texas |
|---|---|

| | | |
|---|---|---|
| Julie Tamborello, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-11-3649 |
| | § | |
| City of Magnolia, Texas, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1. *Introduction.*

A police officer sued the city of Magnolia, Texas, for sex and age discrimination and for retaliation for her having formally complained. Her claim will not survive as a matter of law.

2. *Background.*

Julie Tamborello was a police officer with the city of Magnolia for twenty months. Magnolia has a small police department; it employs only ten to fourteen police officers at a time.

Tamborello began working as a detective in April of 2009. In September of 2009, city council approved a pay raise, recommended by Chief Paul Michna, for all senior officers. The raise was to have taken effect in October of 2009. Chief Michna resigned that month, before the pay raise, and Domingo Ibarra became interim police chief. Tamborello claims that she was harassed at work from that day forward.

Her October paycheck did not contain the raise, but two younger, male, supervisory officers received it. She also learned that she earned less than them despite her having over thirteen more years of experience as a police officer, although not all for Magnolia. The male officers received the raise and earned more money because they had worked for Magnolia for six years more than Tamborello. This pay complies with Magnolia's step pay system. It ties employee pay to their longevity with the city and their certification level.

That same month, Tamborello formally complained about her pay. She says that filing her complaint led the city to retaliate against her. In November, the department assigned the detective position she held to a male, and it assigned her to be the city marshal. Later that month, Tamborello was fired for insubordination. When she returned in December, she did not have an assignment and filed a formal grievance with the city. In January of 2010, Tamborello was transferred to be the warrant-officer.

She held that position for two months until the city council terminated several positions at the police department to save money. Tamborello, along with several males, was fired. Tamborello was fired because she was (a) the most recently hired police officer, (b) still on probation, and (c) being investigated by the department for misuse of property, violations of attendance policy, and insubordination.

3.  *Sex and Age.*

Tamborello, who was forty-seven years old at the time she claims the discrimination began, has not shown that sex or age played a part in her problems at work. For disparate treatment based on sex or age, she must show that a similarly situated male or younger employee under similar circumstances were treated more favorably.[1] To be similarly situated, the comparator must be nearly identical in all relevant respects.[2] Two officers who have been working at the Magnolia police department for six years more than Tamborello are not comparators.

Tamborello's sex and age discrimination claims are supported by conjecture only. She concedes that she never heard or saw anything that evinces hostility about her sex or age. Furthermore, the city has non-discriminatory reasons for its action. She was the most recently hired police officer, still in her initial probation period, and being investigated internally.

Tamborello asserts that these reasons are merely a smoke-screen used to hide the city's discriminatory practices. She offers no facts to support this assertion. She has no budgetary information that shows that the city's budget increased or facts to show that she was not the department's most recently hired police officer. The city had legitimate reasons for firing

---

[1] *Wheeler v. BL Development Corporation,* 415 F.3d 399, 406 (5th Cir. 2005).

[2] *Boutin v. Exxon Mobil Corp.,* 730 F.Supp. 2d 660, 674 (S.D. Tex. 2010).

Tamborello. It did not violate the Equal Pay Act, Title VII of the Civil Rights Act of 1964, and the Age Discrimination in Employment Act of 1967.

4. *Retaliation.*

Tamborello has not shown that she was retaliated against because she formally complained. She does not identify facts that support a claim of retaliation, and she did not claim retaliation for a protected activity to the Equal Employment Opportunity Commission; she complained about her wages only.[3]

5. *Conclusion.*

Julie Tamborello did not support her claim that the city of Magnolia discriminated against her because of her sex or age, or retaliated against her for filing a formal complaint.

Signed on July 21, 2012, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge

---

[3] *Hernandez v. Yellow Transportation, Inc.*, 641 F.3d 118, 129 (5th Cir. 2011).